IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

M.D., *a minor, by and through her next friends and parents*, **BRENT DEWEESE and JANNA DEWEESE**;

*Plaintiff,*

-vs-

**BOWLING GREEN INDEPENDENT SCHOOL DISTRICT,**

*Defendant.*

Case No.  1:15-CV-14-GNS

JURY DEMAND

## VERIFIED COMPLAINT

Comes now the Plaintiff, M.D., a minor, by and through her next friends and parents, Brent Deweese and Janna Deweese, and for this complaint against the Defendant, Bowling Green Independent School District, states as follows:

### I. Introduction

1. At the time the events occurred that give rise to this complaint, the Plaintiff M.D. was a student at Bowling Green Junior High School in Bowling Green, Kentucky. While en route back to Bowling Green from having participating in a school-sponsored cheerleading competition, and a passenger on a bus the Plaintiff was raped and sexually molested by a male student enrolled at is a student at Bowling Green High School. Plaintiff's parents, Brent Deweese and Janna Deweese bring this action as next friends on behalf of their daughter. As a result of the school

system's deliberate indifference toward the educational rights of the Plaintiff, and its failure to protect her from this and an ongoing pattern of sexual harassment, the Defendants are liable to the Plaintiffs for damages the Plaintiff for damages under Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a).

## II. Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), this action being authorized by 20 U.S.C. § 1681(a), part of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

3. Venue for this case properly lies in the Western District of Kentucky, in that the plaintiff resides therein, and all acts resulting in a violation of Plaintiff M.D.'s rights occurred therein.

## III. Identity of Parties

4. Plaintiff M.D. is a minor citizen and resident of Simpson County, Kentucky who resides with her parents, Brent Deweese and Janna Deweese. M.D. is Caucasian and is fourteen years of age.

5. Brent Deweese and Janna Deweese are both adult citizens and residents of Simpson County, Kentucky and are the parents of M.D., and they bring this action as next friend on behalf of their daughter.

6. Defendant Bowling Green Independent School District ("Defendant BGISD") is a local public county school system created and existing by virtue of the laws of the State of Kentucky. BGISD is the governing entity having authority over Bowling Green Junior High School and at all times relevant to this action was a knowing recipient of federal funds.

7. The Superintendent of BGISD is Joe Tinius who may be served with process at 1211 Center Street, Bowling Green, Kentucky 42101.

## IV. Factual Allegations

8. During the 2013-2014 academic school year, M.D. was enrolled as an eighth grade student at Bowling Green Junior High School ("BGJHS") in Bowling Green, Kentucky.

9. As a part of her extracurricular activities while at BGJHS, M.D. successfully tried out for the school's co-ed cheerleading team.

10. In February of 20114, the Plaintiff and several students enrolled in the BGISD were selected to represent the schools system in a varsity national cheerleading competition in Orlando, Florida.

11. The Defendant chartered a private bus to transport the Plaintiff and her peer cheerleaders to this event in Florida. At all times, Defendant, acting through its coaches, agents, employees and staff, was responsible for the safety, protection and well being of these students while transporting them to and from this event.

12. Among those whom the Defendant permitted to participate in this cheerleading competition was an older, African-American, male student who is now 18 years of age named Ronale Morris. Mr. Morris was at the time of this cheerleading event enrolled as a junior at Bowling Green High School.

13. No attempt was made by the Defendant to segregate the male and female students on the bus, or to separate the younger female students from the older male students for the 12-hour bus trip to or from the competition venue.

14. On February 10, 2014, while en route back from the event in Florida, following a breakfast stop at a McDonalds Restaurant, as the bus was traveling north on Interstate 65 near Springfield, Tennessee, the Plaintiff fell asleep. Unbeknownst to the Plaintiff, Ronale Morris moved beside her on the bus and placed a blanket over both of them. Later, the Plaintiff was suddenly startled and awakened when she felt someone's hand moving underneath her clothing. The Plaintiff was horrified when she realized that this person was forcing their fingers into her vaginal area to the point of penetration.

15. The Plaintiff awoke to see Ronale Morris beside her with his arm underneath the blanket, forcing himself on her and sexually assaulting her.

16. As an immediate consequence of this sexual assault, the Plaintiff was placed in a state of fear and apprehension for her safety. She also experienced pain, humiliation, embarrassment and outrage at this invasion of her body, and she reacted with shock and pushed Mr. Morris off of her, and immediately moved to another area of the bus.

17. The Plaintiff reported this incident to her Coach Djuan Frye and Coach Brette Wimpee on February 10, 2014.

18. On February 11, 2014, the Plaintiff's father, Brent Deweese showed the following text message that the Plaintiff had received from Ronale Morris which stated as follows:

> Are u ok
> What's wrong
> So about what happened on the bus. .
> You knw u like what was happening
>
> Srry I had to stop. Sam was getting nosy
>
> U want me to do it again some time
> Bet ur bf never did that for u

19. This sexually harassing text was received by the Plaintiff after her return to Bowling Green while en route to a school event.

20. After receiving notice of this sexual assault, the Coaches Frye and Wimpee approached Mr. Morris who admitted to them that he had committed the sexual assault upon the Plaintiff. The only punishment or sanction imposed on Mr. Morris was his dismissal from the cheerleading team and placement in an alternative school for a brief period.

21. In the fall of 2014, the Plaintiff was admitted as a freshman student at Bowling Green High School. She was shocked and dismayed to learn that her attacker, Ronale Morris was permitted to return to Bowling Green High School where he is currently finishing his senior year. The Defendant also placed on the same lunch room schedule as the Plaintiff.

22. Since her attacker, Ronale Morris has been allowed to return to Bowling Green High School, the Plaintiff has been taunted and ridiculed by some of her peers who have accused her of fabricating the report of sexual assault. Some have either said or implied that the Defendant's decision to allow Ronale Morris to return to school is clear indication of his innocence of such charges.

23. The Plaintiff's parents Brent and Janna Deweessee have complained to the Superintendent Joe Tinius and have requested the results of any investigation made by BGISD into the pattern of sexual harassment and bullying of their daughter. As of the date of this complaint, neither the Plaintiff or her parents have been provided with the results of any investigation into this bullying and sexual assault.

24. In addition, Plaintiff's parents have requested of Mr. Tinius and the BGISD School Board that their daughter be provided counseling and that Mr. Morris be returned to an alternative school while their daughter is enrolled at Bowling Green High School.

25. Plaintiff alleges that there is at this time a pending criminal case in the Juvenile Court of Robertson County, Tennessee against Ronale Morris, as well as a separate criminal case pending in Simpson County, Kentucky. However, no school disciplinary action is pending against Mr. Morris, nor is he any longer the subject of any ongoing internal investigation by the school system. Nor is Mr. Morris facing, to the Plaintiff's knowledge, any imminent disciplinary action arising out of his sexual assault and bullying, harassing text to the Plaintiff.

26. The Plaintiff continues to suffer from extreme bouts of depression and anxiety as a result of the sexual assault by a student peer. This anxiety and emotional suffering is exacerbated by the knowledge that each day she attends school she may encounter her attacker in the hallway, cafeteria or other locations on the school premises.

27. The Plaintiff has suffered, and continues to suffer academically as a consequence of this life-changing assault and her grades have deteriorated for the first time in her academic career as a student.

## V.
## Cause of Action

### COUNT I
### Violation of Title IX of the Civil Rights Act
### 20 U.S.C. § 1681(a).

28. Plaintiffs incorporate herein by reference the allegations set forth in ¶¶ 1 through 27, and do further allege as follows. Title IX of the Education Amendments of 1972 provides that, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving

Federal financial assistance ..." 20 U.S.C. § 1681(a). Title IX contains an implied private right of action, and damages are available as a remedy.

29. The sexual harassment of the Plaintiff in this case was so severe, pervasive, and objectively offensive that it served to deprive her of access to the educational opportunities or benefits provided by the school.

30. BGISD is a recipient of federal funds.

31. BGISD had actual knowledge of the repeated acts of sexual harassment.

32. The sexual harassment alleged in this Complaint took place in a context subject to the school district's control and in circumstances wherein the school district exercises substantial control over both the harasser and the context in which the known harassment occurred.

33. BGISD's response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances and constitutes deliberate indifference.

34. As a consequence of the severe, pervasive, and objectively offensive conduct of Mr. Morris, the Plaintiff was deprived of access to certain educational opportunities or benefits provided by the school. Specifically, the Plaintiff has been uprooted in every aspect of her freshman year of school at Bowling Green High School, and she continues to suffer academically as a result of the Defendant's deliberate indifference.

35. The Plaintiff has also suffered mental anguish and emotional suffering as a consequence of her sexual attack, and has had to undergo psychological counseling to cope with nightmares and flashbacks of the attack and subsequent sexual harassment.

## COUNT II
### Injunctive Relief

36. Plaintiffs incorporate herein by reference the allegations set forth in ¶¶ 1 through 35, and do further allege as follows.

37. The Plaintiff alleges that the Defendant has failed to implement proper Title IX policies and procedures designed to ensure that these federal requirements are in place and followed within the school system.

38. The Plaintiff has suffered and will continue to suffer irreparable harm and the loss of educational opportunities and injury to her academic standing unless injunctive relief issues against the Defendant's continued failure to implement and enforce appropriate Title IX policies, practices and procedures.

WHEREFORE, PLAINTIFF DEMANDS:

1. That Plaintiff be allowed to file this complaint and that the named Defendant, BOWLING GREEN INDEPENDENT SCHOOL DISTRICT, be required to answer within the time prescribed by law;

2. That upon final hearing, the Plaintiff be awarded judgment against the Defendant for compensatory damages an amount up to Three Million Dollars ($3,000,000);

3. That the court grant a preliminary injunction enjoining and restraining the Defendant from further violation of the Plaintiff's rights and protections under Title IX of the Civil Rights Act, and that at the trial of this case, this injunction be made permanent;

4. That a jury of six be empanelled to hear and try all issues properly triable by a jury;

5. That plaintiff have and recover such further and general relief as to which she may be entitled, including court costs and reasonable attorney fees under 42 U.S.C. § 1988.

## VERIFICATION

*The information contained within is true and correct to my knowledge and belief.*

STATE OF **Kentucky**
COUNTY OF **Warren**

Personally appeared before me, a Notary Public in and for said county and state, the above-signed Brent Deweese, and did make oath that the information contained in the foregoing Verified Complaint was true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me this 10th day of February, 2015.

Notary Public
My commission expires: 2/1/2018
ID# 504005

Respectfully submitted,

By: _____
Larry L. Crain
**CRAIN, SCHUETTE & ASSOCIATES, LLC.**
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600 Voice
(615) 345-6009 Facsimile
*larry@csafirm.com*
*Attorney for the Plaintiff*
*Application Pro Hac Vice Pending*

_____
C. Michael Carey
719 Dishman Drive
Suite A-1
Bowling Green, KY 42104
(270) 904-1343
Mike.Carey.Law@outlook.com

*Attorney for the Plaintiff*

9